# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| SHAUN L. STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 3:11-CV-152 |
| ) | |
| MENARDS HOME IMPROVEMENT ) | |
| STORE and GLADYS FIELDS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Objection to Transfer and Request to Remand Back to the Circuit Court of Elkhart (DE# 7), filed by Plaintiff, Shaun L. Steele, a *pro se* prisoner, on May 5, 2011. For the reasons set forth below, the Court: (1) **TAKES UNDER ADVISEMENT** the motion to remand (DE# 7); (2)**GRANTS** the plaintiff to and including **June 24, 2011,** to submit an affidavit in support of the motion to remand as outlined herein; (3)**GRANTS** the defendants to and including **July 11, 2011**, to respond to the plaintiff's submission; (4) **VACATES** the scheduling order (DE# 9); and (5) **STAYS** this action pending resolution of the jurisdictional issue.

BACKGROUND

On March 23, 2011, Shaun L. Steele, a *pro se* prisoner, filed this action in Elkhart County Circuit Court against Menards Home Improvement Store ("Menards") and one of its employees, Gladys

Fields ("Fields"). (DE# 1). The complaint arose from events that began in 2007, when Steele allegedly passed a bad check for $57.74 at a Menards store in Elkhart, Indiana. *Steele v. Indiana*, No. 20A05-0908-CR-469, 2010 WL 286728, at *1 (Ind. App. Ct. Jan. 26, 2010). Menards referred the matter to the county prosecutor, and Steele was arrested. *Id.* In the course of the criminal proceedings Steele demanded a jury trial, but the trial court denied his request as untimely. *Id.* Steele was convicted after a bench trial and sentenced to one year in prison, to be served consecutively to a sentence he was serving in another case. *Id.* On appeal, the Indiana Court of Appeals determined that the trial court erred in denying Steele's request for a jury trial and reversed his conviction. *Id.* at *3-4. On remand the charges were dismissed but, by that time, Steele had already served 195 days in prison. (DE 1 at 3; DE 2-1 at 13.)

In October 2010, Steele filed suit in federal court against the City of Elkhart and various municipal defendants alleging false imprisonment and related claims. *Steele v. City of Elkhart, et al.*, No. 3:10-CV-426-PPS (N.D. Ind. filed Oct. 13, 2010). The case was dismissed in March 2011 for failure to state a claim against any of the named defendants. *Id.*,DE# 15.

Shortly after the dismissal, Steele filed this lawsuit in state court against Menards and Fields. (DE# 1). In his complaint, he alleges that he never wrote a check at Menards, and that instead

2

some unknown individual stole one of his checks and used it to buy goods at Menards. (*Id.* at 2). He claims that Menards and Fields, a manager at the store, were negligent in failing to adopt and follow proper procedures for verifying whether he had written the check before turning the matter over to the prosecutor. (*Id.* at 2-3). He alleges state law claims for malicious prosecution, negligence and defamation, as well as a claim based on his "right to be free from false arrest under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution[.]" (*Id.* at 3).

Menards timely removed the case, asserting that the Court has both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. (DE# 2). Steele objects and asks that the case be remanded to state court. (DE# 7).

## DISCUSSION

When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The party seeking removal bears the burden of establishing federal jurisdiction, and the Court must interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Schur*, 577 F.3d at 758.

Jurisdiction is determined from the plaintiff's filings made at the time of removal. *In re Burlington N. Santa Fe Ry Co.*, 606 F.3d 379, 380-81 (7th Cir. 2010).

Turning first to federal question jurisdiction, Steele's complaint purports to raise a false arrest claim against the defendants under the Fourth Amendment. (*See* DE# 1 at 3). Federal courts may exercise federal question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision. *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). However, if the federal claim asserted is frivolous, it is insufficient to create jurisdiction in federal court. *In re African-Am. Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994).

Here, Steele's Fourth Amendment claim is patently frivolous because the defendants, a private store and its employee, are not state actors that can be sued for constitutional violations. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Although in some unique circumstances a private actor may be deemed to have acted under color of state law if he conspired with a state actor, *Dennis v. Spark*, 449 U.S. 24, 28 (1980), Steele does not plausibly allege any such conspiracy here. In fact, his complaint can be read to allege that Fields was not forthcoming with the prosecutor about the

4

investigation she conducted and that she did so in order to secure a conviction. (*See* DE# 1 at 2-3; *see also* DE# 8 at 2-3). Accordingly, the complaint fails to state a non-frivolous federal constitutional claim, and so federal question jurisdiction is lacking.

The defendants also assert that diversity jurisdiction exists, but Steele disagrees. (*See* DE 2, 7, 11.) The parties' dispute centers on two issues. First, they dispute whether Steele was a citizen of Indiana or Michigan prior to his incarceration. Second, they dispute whether Fields, an Indiana citizen, is a proper party to this suit, or whether she was fraudulently joined to defeat diversity. (*See id.*) If Steele is a citizen of Indiana and Fields is a proper party to this case, complete diversity does not exist.

The Court turns first to the issue of whether Fields is a proper party to this lawsuit. A plaintiff is permitted to choose his own forum, but under the "fraudulent joinder" doctrine he may not join a non-diverse defendant simply to destroy diversity. *Schur*, 577 F.3d at 763. If joinder of a party is fraudulent,[1] a court considering removal is permitted to "disregard, for jurisdictional purposes, the citizenship of nondiverse defendants, assume jurisdiction over the case, dismiss the nondiverse

---

[1] The Seventh Circuit has noted that the doctrine is somewhat of a misnomer, as it does not require proof of fraudulent intent; in most instances the doctrine applies when the plaintiff has brought a claim against a nondiverse defendant that "simply has no chance of success, whatever the plaintiff's motives." *Schur*, 577 F.3d at 763 n.9 (citation omitted).

defendants, and thereby retain jurisdiction." *Id.* (citation omitted).

Fraudulent joinder is difficult to establish, however, and the defendant must demonstrate that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* at 764. Put differently, the Court must determine whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant on a state law claim contained in the complaint. *Id.* The defendant faces a "heavy burden" in showing that the plaintiff has no reasonable possibility of success, and the standard is even more favorable to the plaintiff than the standard used for deciding a motion to dismiss under Rule 12(b)(6). *Id.*

Here, giving the complaint liberal construction,[2] Steele asserts that Fields failed to take adequate steps to determine whether he wrote the check in question, including making minimal efforts to contact him and failing or refusing to review the video surveillance which would have shown it was not him writing the check. He asserts that Fields improperly turned the matter over to state prosecutors, and that she was not only responsible for the initiation of false charges, but that she committed perjury at his

---

[2] To determine whether diversity jurisdiction exists the Court must look to the original complaint, as that was the operative pleading at the time the defendants removed the case. *Burlington N.*, 606 F.3d at 380. The Court notes, however, that the substance of the claims against Fields is the same in the original and amended complaints.

6

trial. (DE 1 at 3.) Based on these facts, Steele alleges multiple state law claims against Fields, including claims for malicious prosecution, negligence, intentional infliction of emotional distress, defamation, and state constitutional violations. If any one of these claims has "any reasonable possibility of success," Fields cannot be considered a fraudulent party. *See Schur*, 577 F.3d at 763. An examination of the very first claim indicates that Steele has at least some reasonable probability of success against Fields.

Under Indiana law, "[t]he essence of a malicious prosecution action rests on the notion that the plaintiff has been improperly subjected to legal process." *Glass v. Trump Indiana, Inc.*, 802 N.E.2d 461, 466 (Ind. Ct. App. 2004). To prevail on such a claim, the plaintiff must show that: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) in so doing, the defendant acted with malice; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *Id.* "Probable cause to commence criminal proceedings" exists when a reasonable inquiry would induce a reasonably intelligent and prudent person to believe that the accused committed the crime charged. *Id.* at 466-67. Malice may be inferred from a lack of probable cause, the failure to make a reasonable inquiry, or a showing of personal animosity. *Id.* at 467. Here, Steele asserts that Fields wrongfully initiated legal

7

proceedings against him, at best by failing to make a reasonable inquiry and at worst by manufacturing the charges against him, hiding evidence, and perjuring herself at trial. He further alleges that the charges were ultimately resolved in his favor. Based on the facts alleged, the Court cannot conclude that Steele has no reasonable possibility of success against Fields.

In its response to the motion to remand, the defendants do not independently analyze the viability of Steele's malicious prosecution claim or any of his other state law claims. Instead they make a general argument that Steele cannot state a claim against Fields in her individual capacity because she was acting within the scope her employment during these events. (DE# 12 at 2-4). In support the defendants cite to *Hurlow v. Managing Partners, Inc.*, 755 N.E.2d 1158, 1161 (Ind. Ct. App. 2001), a case addressing *respondeat superior* liability under Indiana law. This argument misses the mark. Whether an employer is held vicariously liable for an employee's conduct does not affect the employee's own tort liability. *See Gomez v. Adams,* 462 N.E.2d 212, 225 (Ind. Ct. App. 1984) ("Where the master's liability for the act of his servant is based solely upon *respondeat superior* . . . a suit may be maintained against both and their liability is regarded as both joint and several. . . . ); *see also Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 879 n.2 (7th Cir. 1999) (under Indiana law "a duty on the part of the individual tortfeasor is a

pre-requisite to respondeat superior . . . the agent breached a duty he personally owed the plaintiff and, because it occurred within the scope of employment, his employer was liable *as well* through respondeat superior." ) (emphasis added). If Fields was acting outside the scope of her employment, it would mean that Steele could not hold Menards vicariously liable for her actions, but it would not impact Fields' liability for her own actions. Nothing in *Hurlow* supports a different outcome, as that case simply addresses the general parameters for imposing *respondeat superior* liability on an employer under Indiana law. *See Hurlow*, 755 N.E.2d at 1161-62.

In sum, the defendants bear the burden of establishing that Fields was fraudulently joined as a defendant, and based on their submission they have failed to carry that burden. Therefore, the Court cannot disregard Fields' citizenship in determining whether there is complete diversity between the parties.

That leaves the matter of Steele's citizenship. If he is in fact a citizen of Indiana, then the parties are not diverse. There is no dispute that Steele is presently incarcerated in an Indiana prison serving a sentence for offenses unrelated to this case. Nevertheless, "incarceration in a state does not make one a citizen of a state." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). Rather, "[a] prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live

elsewhere when he gets out, in which event it should be that state." *Id.* (internal quote marks and citations omitted). The defendants assert that Steele was a citizen of Michigan prior to his incarceration, relying on documents from the 2007 criminal case, including a warrant that was issued for Steele's arrest and the original charging document, both of which specify a Michigan address. (*See* DE# 2-1 at 8-9).

However, Steele asserts that he has not actually lived in Michigan for several years. (DE# 7 at 1). He asserts that he had a Michigan address in 2007, and that at some point he unsuccessfully sought to transfer his parole there, but that he has been an Indiana citizen since at least 2009, and perhaps earlier. (*Id.* at 2.) He attaches a document from the Indiana Department of Correction indicating that in 2009 he was approved for parole (for a different offense) at his aunt's home in Elkhart, Indiana. (*Id.* at 5). Notably, the state criminal docket submitted by the defendants lists the same Elkhart address for Steele as the one on the letter from the IDOC. (*See* DE# 2-1 at 11). Steele also submits a piece of mail he received at the Elkhart address in March 2010, and he further claims that he was collecting public assistance in Indiana at that address in 2011. (DE# 7 at 6).

Steele's assertions and documentation raise a significant issue as to whether he was in fact a citizen of Indiana prior to his most recent incarceration. Although the defendants' information

about Steele's citizenship appears to be outdated, Steele has not submitted his assertions in the form of a sworn affidavit, making it difficult for the Court to resolve the dispute. Given Steele's *pro se* status (as well as the Court's own obligation to ensure that subject matter jurisdiction exists), the Court will grant him an opportunity to submit an affidavit attesting to his Indiana citizenship. He should also provide the date when he became a citizen of Indiana and the date when he was incarcerated on his current conviction. The defendants will be given an opportunity to respond to Steele's submission. Until these additional filings are made, the motion to remand will be taken under advisement and all further proceedings will be stayed.

As a final matter, because further proceedings are required to determine whether this action will proceed in state or federal court, the schedule previously set by the magistrate judge (DE# 9) must be vacated.

CONCLUSION

For the reasons set forth above, the Court:

(1) **TAKES** the plaintiff's motion to remand (DE# 7) under advisement;

(2) **GRANTS** the plaintiff to and including **June 24, 2011,** to submit an affidavit in support of the motion to remand as outlined herein;

11

(3) **GRANTS** the defendants to and including **July 11, 2011**, to respond to the plaintiff's submission;

(4) **VACATES** the scheduling order (DE# 9); and

(5) **STAYS** this action pending resolution of the jurisdictional issue.


DATED:  May 27, 2011                    /s/RUDY LOZANO, Judge
                                        **United States District Court**