```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

SHAUN L. STEELE,                  )
                                  )
Plaintiff,                        )
                                  )
vs.                               )    NO. 3:11-CV-152
                                  )
MENARDS HOME IMPROVEMENT          )
STORE and GLADYS FIELDS,          )
                                  )
Defendants.                       )

## OPINION AND ORDER

This matter is before the Court on the Objection to Transfer and Request to Remand Back to the Circuit Court of Elkhart (DE# 7), filed by Shaun L. Steele, a *pro se* prisoner, on May 5, 2011. For the reasons set forth below, the Court: (1) **GRANTS** the motion to remand (DE# 7); and (2) **REMANDS** this case to the Elkhart Circuit Court, Cause #20C01-1103-PL-007.

BACKGROUND

The facts underlying this case were fully set forth in the Court's May 27, 2011, order and will be only briefly recounted here. (DE# 14 at 1-3.) On March 23, 2011, Shaun L. Steele, a *pro se* prisoner, filed this action in Elkhart Circuit Court against Menards Home Improvement Store ("Menards") and one of its employees, Gladys Fields ("Fields"). (DE# 1.) Steele raises malicious prosecution and other state law claims against the

defendants based on the fact that they caused criminal charges to be initiated against him for passing a bad check. (*Id.*) The defendants timely removed the case (DE# 2), and Steele moves to remand. (DE# 7.)

In the prior order, this Court determined that federal question jurisdiction is lacking. (DE# 14 at 4-5.) The only remaining question is whether diversity jurisdiction exists under 28 U.S.C. § 1332. (DE# 2.) To that end, the Court granted Steele an opportunity to submit an affidavit regarding his citizenship (*see* DE# 14 at 9-11), and he has now submitted that affidavit. (DE# 23.)

DISCUSSION

When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal court, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The defendant bears the burden of establishing federal subject matter jurisdiction, and the Court must interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Schur*, 577 F.3d at 758.

Diversity jurisdiction exists when there is complete diversity among the parties and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). As explained in the prior order, if Steele is a citizen of Indiana, the parties are not diverse and the case must

be remanded. (*See* DE# 14 at 5-12.) Steele is presently incarcerated in an Indiana prison; however, "incarceration in a state does not make one a citizen of a state." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). Rather, "[a] prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Id.*

In his affidavit, Steele attests that he has lived in Indiana since 1998. (DE# 23, Steele Aff. ¶ 4.) He further attests that he was incarcerated on his present offense on July 6, 2010, and was living in Indiana at that time. (*Id.*) He further attests that upon his release he intends to continue living in Indiana. (*Id.*) Pursuant to *Bontkowski*, Steele has demonstrated that he is a citizen of Indiana.

The defendants assert that Steele's affidavit is deficient because it does not set forth his criminal history in detail. (DE# 20.) However, Steele has provided the information necessary to determine his citizenship under the standard set forth in *Bontkowski*. The defendants further assert that at the time the underlying criminal charges were initiated in 2007, Steele was in possession of a Michigan drivers license. (*Id.*) Steele explains that he was previously a resident of Michigan, and in 2007 he unsuccessfully sought to have his parole transferred to that state; however, he attests that he has not lived in that state since 1998

and has no intention of returning there. (DE# 23, Steele Aff. ¶ 4.) Rather, as stated above, he attests that he lived in Indiana up to the time he was incarcerated on the present offense, which predated the filing of his complaint, and that he intends to live in Indiana after his release from prison. (*Id.*) The defendants have not rebutted these statements, and it is their burden to demonstrate that the requirements of federal subject matter jurisdiction are met. *Schur*, 577 F.3d at 758.

For these reasons, the Court concludes that Steele is a citizen of Indiana. Because Fields is also a citizen of Indiana,[1] complete diversity does not exist. Therefore, the Court lacks subject matter jurisdiction over this case and it must be remanded.

As a final matter, the Court previously stayed this case pending resolution of the jurisdictional issue. (DE# 14 at 2.) There were motions pending at that time unrelated to the issue of subject matter jurisdiction, and notwithstanding the stay the parties continued to file motions unrelated to the Court's jurisdiction. (*See* DE# 10, 13, 16, 21.) Because the Court lacks subject matter jurisdiction, it has no authority to rule on these motions. The Court leaves to the state court in the first instance whether and to what extent these motions should be granted.

---

[1] The Court determined in the prior order that Fields is a proper party to this lawsuit. (*See* DE# 14 at 5-9.)

CONCLUSION

For the reasons set forth above, the Court:

(1)   **GRANTS** the motion to remand (DE# 7); and

(2)   **REMANDS** this case to the Elkhart Circuit Court, Cause #20C01-1103-PL-007.


**DATED:  September 7, 2011**          /s/RUDY LOZANO, Judge
                                       **United States District Court**